FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 27 A 11: 51
CLERK Reu
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

WILSON HENDERSON,

Petitioner,

vs.

CIVIL ACTION NO.: CV213-050

UNITED STATES OF AMERICA,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Wilson Henderson ("Henderson") filed a motion to vacate his sentence, or, in the alternative, a petition for writ of *coram nobis* or *audita querala*. Henderson filed this pleading pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Henderson filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Henderson was convicted in this Court, after a jury trial, of possession with intent to distribute approximately 173 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Henderson was sentenced to life imprisonment on the first count and five (5) years' imprisonment, to be served consecutively, on count two. (Case No. CR291-14, Doc. Nos. 81, 106). The Eleventh Circuit Court of Appeals affirmed his convictions and sentences. (Id. at Doc. No. 141).

Henderson filed two (2) motions to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255 in this Court, both of which were unsuccessful. (CR291-14, Doc. Nos. 179, 184, 198). Henderson then filed a § 2241 petition, which was dismissed. Henderson has also filed several motions for reduction of his sentence. This Court has denied Henderson's requested relief. (CR291-14, Doc. Nos. 188, 190, 201, 203, 235, 243, 247).

Henderson asserts in this pleading that his trial counsel insisted on going to trial, even after Henderson confessed to having committed the underlying offense. Henderson also asserts that he was prejudiced by counsel's decision because he received a harsher sentence than he would have if he would have taken the plea deal that was offered. Henderson cites Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (Mar. 21, 2012), and Lafler v. Cooper, ___ F.3d ___, 132 S. Ct. 1376 (2012), as support for his position that the right to effective assistance of counsel has been extended to reach the entire plea bargaining process. Respondent asserts that Henderson is not entitled to his requested relief.

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). The Court has done so in this case, and it appears that Henderson's pleading is one made pursuant to section 2255, not section 2241. As noted above, Henderson has filed at least two (2) other § 2255 motions. This pleading appears to be a second or successive motion under § 2255.



AO 72A
(Rev. 8/82)

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Henderson did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion). "There is, however, a small subset of claims that are not categorized as 'second or successive'— i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011). In this regard, the Court notes Henderson's reliance on Frye and Lafler. The United States Supreme Court noted in Frye that the right to effective assistance of counsel applies to



AO 72A
(Rev. 8/82)

"all 'critical' stages of the criminal proceedings," Frye, ___ U.S. at ___, 132 S. Ct. at 1405 (quoting Montejo v. La., 556 U.S. 778, 786 (2009), including "the entry of a guilty plea." Id. (citing Argersinger v. Hamlin, 407 U.S. 25 (1972)). The Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. at ___, 132 S. Ct. at 1408. In Lafler, the Supreme Court stated that a defendant who proceeded to trial rather than accepting a plea has the right to effective assistance of counsel in considering whether to accept the plea. "If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." ___ U.S. at ____, 132 S. Ct. at 1387.

Henderson has not shown that the claims raised in this pleading were unavailable to him during his many previously-filed post-conviction motions. In addition, despite Henderson's contrary position, the Supreme Court has "never found that an application of Strickland [v. Washington, 466 U.S. 668 (1984),] resulted in a new rule[,] despite the many different settings in which it has been applied[,]" under Teague v. Lane, 489 U.S. 288 (1989). Chaidez v. United States, ___ U.S. ___, 133 S. Ct. 1103, 1114-15 (Feb. 20, 2013) (Sotomayor and Ginsburg, JJ) (dissenting). Further, the Eleventh Circuit Court of Appeals has reasoned "that the holdings in Frye and Lafler do not constitute new rules of constitutional law[ ]", and, as a result, these cases would not apply retroactively to cases on collateral review. In re Perez, 682 F.3d 930, 934 &n.3 (11th Cir. 2012); Mincey v. United States, No. CV613-26, 2013 WL 2253217 (S.D. Ga.



AO 72A
(Rev. 8/82)

May 22, 2013). Accordingly, Henderson is not permitted to proceed pursuant to 28 U.S.C. § 2255 absent authorization to do so from the Eleventh Circuit Court of Appeals.

Even if the Court were to construe Henderson's motion as being a petition made pursuant to 28 U.S.C. § 2241, he is not entitled his requested relief.[1] In those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Henderson claims his action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent

[1] Henderson is not housed in this District. While it would be proper to transfer this case to the district of Henderson's confinement for disposition of a § 2241 petition, the Court will address Henderson's assertions in the interest of judicial economy. 28 U.S.C. §§ 2241 & 2243.



AO 72A
(Rev. 8/82)

> offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Henderson has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Henderson shown that his claims were foreclosed on a previous occasion. To be clear, Henderson was aware of the facts underlying his claims well before the Frye and Lafler decisions were delivered. Henderson has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Henderson has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Henderson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Henderson is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

In addition, Henderson is not entitled to his requested relief via a writ of *coram nobis*. The writ of error *coram nobis* has been abolished in civil cases. FED. R. CIV. P. 60(e); United States v. Morgan, 346 U.S. 502, 506 (1954). However, this writ is



AO 72A
(Rev. 8/82)

available in the criminal context for those individuals who can no longer seek postconviction relief under section 2255. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). Federal courts have the authority to issue this writ pursuant to the All Writs Act, 28 U.S.C. § 1651, but "this is an extraordinary remedy that is available only in the most compelling circumstances to remedy errors 'of the most fundamental character.'" Sun v. United States, 342 F. Supp.2d 1120, 1126 (N.D. Ga. 2004) (quoting Morgan, 346 U.S. at 511-12). A writ of *coram nobis* "is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction became known after a completed sentence when § 2255 relief is unavailable." Id.

Henderson has filed a direct appeal, two (2) motions to vacate his sentence pursuant to section 2255, a § 2241 petition, and several motions for reduction of sentence. Even if Henderson did not raise the same claims in those previously-filed pleadings as he does in this cause of action, as noted above, Frye and Lafler do not represent "new law" which would entitle him to his requested relief. Rather, these two (2) decisions merely extend the application of Strickland to claims arising in the context of plea negotiations. In addition, Henderson was well aware of any alleged ineffective assistance of counsel claims prior to his filing this cause of action. Further, Henderson is still incarcerated and has not shown that section 2255 is unavailable to him. United States v. Frank, 414 F. App'x 252, 254 & n.1 (11th Cir. 2011) (noting that cognizable relief was available under § 2255 even though that relief could not be obtained because of the procedural limitations applicable to the filing of section 2255 motions). Thus, Henderson cannot be granted a writ of error *coram nobis*. In short, Henderson has



AO 72A
(Rev. 8/82)

failed to allege any error of such fundamental character which would warrant the issuance of this writ.

Finally, Henderson is not entitled to the issuance of a writ of *audita querla*. The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "'[t]he All Writs Acts is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (quoting Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985)). Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Id. (internal citation omitted). "Accordingly, common law writs, such as . . . *audita querela*, survive only to the extent that they fill gaps in the system of federal post-conviction remedies." Id. (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the common law "writ of audita querala may not be granted when relief is cognizable under § 2255".). "Moreover, the Act does not create any substantive federal jurisdiction; 'rather, it empowers a federal court-in a case in which it is already exercising subject matter jurisdiction-to enter such orders as are necessary to aid it in the exercise of such jurisdiction.'" Id. (quoting In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006)). Because Henderson is in custody pursuant to the judgment of a federal court, his requested relief is cognizable under section 2255, not via a writ of *audita querla*. Frank, supra.



AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Henderson's Motion to Vacate his Sentence be **DISMISSED**.[2]

**SO REPORTED** and **RECOMMENDED**, this 27th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

[2] The Clerk of Court is directed to docket the pleadings in this case in Henderson's criminal case, CR291-14.



AO 72A
(Rev. 8/82)